UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFONSO,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 06-7786** |
| **STATE FARM INSURANCE CO.,** *et al.* | **SECTION: I/5** |

### ORDER AND REASONS

The matter before the Court is a motion to remand filed on behalf of plaintiffs, Vernon and Janis Alfonso. Defendants in this matter are State Farm Fire and Casualty Company and Robert Eisenbraum.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Indep. Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above-cited decisions, when applied to the facts of this case, dictate a remand. The

Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion. The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Specifically, and considering plaintiffs' amended complaint,[1] the Court is not persuaded by defendants' argument that plaintiffs' claims against Eisenbraun are perempted by La. Rev. Stat. § 9:5606. Plaintiffs' amended complaint alleges that,

> [e]ach year plaintiffs renewed their policies they would visit the office of Robert Eisenbraun to make a payment. They would visit their agent's office at least two times a year as they paid their premium quarterly. During their visits to this office they sought the advice of their agent and his staff concerning coverages for the home and relied on their representations that their home was covered for all hurricane related losses. They also relied on their agent to make sure they were adequately covered for the value of their home.[2]

In her affidavit, plaintiff Janis Alfonso explains that she "relied on the advice, experience and expertise of her insurance agent . . . upon each year she renewed her policy to cover her property for its full appraised value and for losses associated with hurricanes."[3]

This Court stated in *Richmond* that

> under Louisiana law, the date from which peremption runs depends on a factual determination as to the timing and nature of the particular tortious acts. In *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179 (La. Ct. App. 5th Cir. 2004), the Court held that the peremption period ran from the date of the original policy because the policy terms were set at that time and, after the initial error involving the issuance of the original policy, there was no further occasion for misrepresentation. *Id.* at 1182-83. However, in *Sonnier v. La. Farm Bureau Mut.*

---

[1] Rec. Doc. No. 27. At an April 18, 2007, telephone conference, the Court allowed plaintiffs the opportunity to amend their complaint after finding it ambiguous with regard to plaintiffs' allegations against Eisenbraun. Rec. Doc. No. 26.

[2] Rec. Doc. No. 27, p. 2.

[3] Rec. Doc. No. 9-5, p. 2.


> *Ins. Co.*, 924 So.2d 419 (La. Ct. App. 3d Cir. 2006), the plaintiffs alleged that each year their agent told them that no replacement cost coverage was available. *Id.* at 420. *Sonnier* held that these yearly alleged misrepresentations by the agent constituted separate actions for purposes of the peremption period and, therefore, the plaintiffs' claims were not perempted based on the original policy date. *Id.* at 422.

*Richmond*, 2006 U.S. Dist. LEXIS 67537, at *21 n.23.

As in that case, "[s]ince the timing and nature of the tortious acts here are disputed and the petition is unclear with respect to such issue, this Court must resolve the disputed facts in plaintiffs' favor and conclude that plaintiffs' claims have not been perempted under Louisiana law." *Id.*

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs[4] is **GRANTED** and the case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, Louisiana.

New Orleans, Louisiana, April   23rd  , 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[4]Rec. Doc. No. 3.